# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### At Chattanooga

UNITED STATES OF AMERICA,

       Plaintiff,

                                 No. 1:12-cr-45

v.                               Judge Collier/Carter

EDWARD YOUNG,

       Defendant.

## MOTION TO SUPPRESS

Defendant Edward Young, through undersigned counsel, hereby requests this Honorable Court to suppress the evidence seized in this case during an unlawful search of Mr. Young's residence.

**Pertinent Facts**

On October 5, 2011, law enforcement avers that it received a tip that a vehicle, a red mustang, seen in a surveillance video from a burglary belonged to Mr. Young. Officers went to Mr. Young's residence and saw what they believed to be that vehicle in Mr. Young's driveway. Also observed in the driveway, officers saw another vehicle, a dark Chevy S-10 pickup that had been seen in another burglary surveillance video.

Mr. Young was asked for permission to search the vehicles in the driveway, for which consent was given as shown on the consent to search form supplied by law enforcement. The form also lists the address of the home but Mr. Young contends that address was not on the form when he signed it and that he did not give consent to search his residence.

## <u>MEMORANDUM</u>

The Fourth Amendment protects persons from unreasonable searches and seizures, and requires that searches be conducted pursuant to a valid warrant based upon probable cause.  U.S. Const. Amend. IV.

Searches outside the judicial process are per se unreasonable subject to a few exceptions. *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993).  The burden is on the government to establish the validity of a warrantless search.  *United States v. Jeffers*, 342 U.S. 48, 51 (1951).  "We cannot be true to that constitutional requirement and excuse the absence of a search warrant without a showing by those who seek exemption from the constitutional mandate that the exigencies of the situation made that course imperative."  *McDonald v. United States*, 335 U.S. 451, 456 (1948).

Consent to search, given by one with authority to consent, can excuse the warrant requirement.  *United States v. Reed*, 141 F.3d 644, 649 (6th Cir. 1998), citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).  However, a search may not go beyond the scope of the consent.  *Florida v. Jimeno*, 500 U.S. 248, 252 (1991).

In this case, Mr. Young readily admits that he signed a consent form.  However, at the time he signed it, the form only listed the two vehicles in his driveway.  At some point later, Mr. Young contends, the address to his residence was added to the form to make it appear he had also consented to the search of his residence.  Mr. Young did not give consent to search his residence and therefore any perception of consent is not valid.

In *Wong Sun v. United States*, 371 U.S. 471 (1963), the Supreme Court held that evidence seized in violation of an individual's Fourth Amendment rights must be suppressed as "fruit of the poisonous tree."  See also *United States v. Hill*, 195 F.3d 258 (6th Cir. 1999)(holding that if the initial

traffic stop is illegal, the seized items must be excluded under the "fruits of the poisonous tree doctrine"). Any and all evidence found and/or seized from Mr. Young's residence was seized without a warrant and did not fall within any exception to the warrant requirement. Therefore, any such evidence should be suppressed.

WHEREFORE, based on the above information, any evidence found and/or seized in the search of Mr. Young's residence should be suppressed.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By: /s/ *Anthony Martinez*
        Anthony Martinez
Assistant Federal Defender
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
(423) 756-4349

Certificate of Service

I HEREBY CERTIFY that on June 18, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ *Anthony Martinez*
Anthony Martinez
Assistant Federal Defender