UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-45 |
| | ) | *Judge Collier/Carter* |
| | ) | |
| EDWARD YOUNG | ) | |

**REPORT AND RECOMMENDATION**

**I. Introduction**

The motion to suppress [Doc. 10] of defendant Edward Young is before the undersigned, having been referred by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). An evidentiary hearing was held before the undersigned on the aforesaid motion to suppress on Thursday, July 19, 2012. For the reasons described herein, it is **RECOMMENDED** that defendant's motion to suppress be **DENIED**.

**II. Relevant Facts**

On October 5, 2011, Detective Tim Tomisek was in the process of investigating several burglaries that had occurred in the Hixson Pike area. The detective received information that a distinctive red Ford Mustang, which had been identified in the videotape of a burglary, had been sighted at defendant's home address. At approximately 10:15 am, Detective Tomisek and Investigator Ken Massengale arrived at defendant's residence and observed the Ford Mustang, along with a Chevy truck also connected to a burglary, in the driveway. The officers knocked at the door, informed defendant that they were investigating various burglaries and asked for permission to search both his vehicles and residence.

1

In a cooperative fashion, defendant assented to the request, whereupon Massengale retrieved a consent form from the patrol car. The investigator filled out the consent form in its entirety on defendant's porch, after which the latter signed it. Massengale testified that he listed defendant's vehicles and defendant's residence on the consent form before he gave the form to the defendant to sign. The form, as it appeared when entered into the Court as evidence, gave permission to search both defendant's two vehicles and his residence.

Defendant accompanied Detective Tomisek as the detective conducted a search of the residence. In the master bedroom, Tomisek discovered several shotgun shells. Defendant volunteered that the shells were his and advised Tomisek that there was no shotgun in the house. At no time during the search did defendant express a desire to withdraw his consent.

### III. Analysis

Defendant contends Detective Tim Tomisek and Investigator Ken Massengale searched his home without his consent. Defendant alleges that, although he signed a consent form authorizing the search of the two vehicles outside his home, the form made no reference at the time of signing to a search of the home itself. Rather, defendant claims, the home address was added at a later time to make it appear that he had also consented to the search of his residence. The Government denies any fabrication or subsequent addition to the consent form, asserting that the defendant gave valid consent to search the home and was not coerced into doing so. (Doc. 13, Response to Motion to Suppress).

Every American enjoys rights afforded him by the Fourth Amendment's protection from unreasonable searches and seizures. U.S. Const. Amend. IV. Searches that are not conducted pursuant to a valid search warrant "'are per se unreasonable under the Fourth Amendment - subject to a few specifically established and well-delineated exceptions.'" *Mincey v. Arizona*,

2

437 U.S., 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347 (1967)); see also *United States v. Johnson*, 656 F.3d 375, 377 (6th Cir. 2011). One of these exceptions includes voluntary consent to search. *Clemente v. Vaslo*, 679 F.3d 482 (6th Cir. 2012); *Johnson*, 656 F.3d at 377.

A consent to search is valid if the consent was voluntary. *Ohio v. Robinette*, 117 S.Ct. 417, 421 (1996). "'Voluntariness is a question of fact to be determined from all of the circumstances.'" *Id.* (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49 (1973)); *see also United States v. Riascos- Suarez*, 73 F.3d 616, 625 (6th Cir. 1996), *abrogated on other grounds by Muscarella v. United States*, 524 U.S. 125 (1998). For consent to be voluntary, it must be unequivocal, specific, intelligently given, and free from duress or coercion. *See Riascos-Suarez*, 73 F.3d at 625; *United States v. Scott,* 578 F.2d 1186, 1188-89 (6th Cir.1978). Moreover, the Supreme Court has ruled that a search may not go beyond the scope of the consent given. *Florida v. Jimeno*, 500 U.S. 248, 252 (1991). Evidence obtained in searches outside the scope of consent must be suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). The government carries the burden of establishing through "clear and positive testimony" that law enforcement officials obtained a valid consent to search. *Riascos-Suarez*, 73 F.3d at 625; *Scott*, 578 F.2d at 1188.

In the instant case, the Court must assess the facts and make the narrow determination whether defendant consented to the search of both his vehicles and home or of only his vehicles. The Government presented two witnesses at the suppression hearing, Detective Tomisek and Investigator Massengale, both of whom testified that defendant signed the consent form as presented to the Court. On its face, that document authorizes the officers to search the Ford Mustang, the Chevy truck and defendant's residence as specified by its address. Both Tomisek and Massengale deny having altered the document after defendant signed it. Counsel for the

3

defendant presented no witnesses with contrary testimony or any evidence to call into question the veracity of the officers.

I find the testimony of the two officers to be credible. Investigator Massengale included defendant's residence on the consent form as one of the places to be searched before he gave the consent form to defendant to sign. Law enforcement conducted a valid search of defendant's residence pursuant to the latter's voluntary consent. Defendant was cooperative during the search and did not ask for the search to stop at any time. I conclude his consent was voluntary, specific and intelligently given.

### IV. Conclusion

For the reasons stated herein, it is RECOMMENDED[1] that defendant's motion to suppress (Doc. 10) be DENIED.

                                              S /*William B. Mitchell Carter*  
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).